1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH C. OWENS, SB# 116075
2 |   E-Mail: Joseph.Owens@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
3 | Los Angeles, California 90012
Telephone: 213.250.1800
4 | Facsimile: 213.250.7900

5 | Attorneys for Defendant and Third-Party Plaintiff
U-LINE CORPORATION

6

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ASPEN SPECIALTY INSURANCE     CASE NO. 14-CV-00429-PA-PJWx
COMPANY, a corporation,
12 |                        The Hon. Percy Anderson
13 |         Plaintiff,            Courtroom 15

14 |       vs.

15 | U-LINE CORPORATION, a
corporation; and DOES 1 through 50,
16 | inclusive,                   **STIPULATION AND PROTECTIVE**
                          **ORDER**
17 |         Defendants.

18 | U-LINE CORPORATION,

19 |         Third-Party Plaintiff,    State Action Filed: September 16, 2013
                        Federal Court Removal: January 17, 2014
20 |       vs.

21 | NIDEC MOTOR CORPORATION,

22 |         Third-Party Defendant.

*This protective order does not authorize the parties to file documents under seal. Under Seal filings are governed by L.R. 79-5 PJW*

24 |       IT IS HEREBY STIPULATED by and between the Parties to this action, by

25 | and through their respective counsel of record, that in order to facilitate the

26 | exchange of information and documents which may be subject to confidentiality

27 | limitations on disclosure due to federal laws, state laws, and privacy rights, the

28 | Parties stipulate as follows:

4834-7386-2170.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

STIPULATION AND PROTECTIVE ORDER

1   1.     In this Stipulation and Protective Order, the words set forth below shall

2   have the following meanings:

3          a.     "Proceeding" shall mean the above-entitled proceeding

4   (SC121346) and any action deemed related and assigned to this court (the "Related

5   Actions").

6          b.     The "Court" shall mean The Hon. Percy Anderson, or any other

7   judge to which this Proceeding may be assigned, including Court staff participating

8   in such proceedings.

9          c.     "Confidential" shall mean any information which belongs to a

10  Designating Party who believes in good faith that such information is entitled to

11  protection as a trade secret (as defined in California *Civil Code* § 3426.2(d)) or

12  private, proprietary, or competitively sensitive information, or otherwise non-

13  publicly available information, the disclosure of which without restriction would be

14  a violation of privacy rights or detrimental to that party in the conduct of its

15  business, that is not, or has not become public knowledge, as shown by publicly

16  available writings, other than through violation of the terms of this Protective Order.

17         d.     "Highly Confidential" shall mean any information which belongs

18  to a Designating Party who believes in good faith that the Disclosure of such

19  information to another Party or non-Party would create a substantial risk of serious

20  financial or other injury that cannot be avoided by less restrictive means.

21         e.     "Confidential Materials" shall mean any Documents, Testimony

22  or Information as defined above designated as "Confidential" or "Highly

23  Confidential" pursuant to the provisions of this Stipulation and Protective Order.

24         f.     "Designating Party" shall mean the Party that designates

25  Materials as "Confidential" or "Highly Confidential."

26         g.     "Disclose" or "Disclosed" or "Disclosure" shall mean to reveal,

27  divulge, give, or make available Materials, or any part thereof, or any information

28  contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1                                    2
                          STIPULATION AND PROTECTIVE ORDER

1    h.    "Documents" means (i) any "Writing," "Original," and
2 "Duplicate" as those terms are defined by California Evidence Code Sections 250,
3 255, and 260, which have been produced in discovery in this Proceeding by any
4 person, and (ii) any copies, reproductions, or summaries of all or any part of the
5 foregoing.

6    i.    "Expert" means a person with specialized knowledge or
7 experience in a matter pertinent to the litigation who has been or may be retained by
8 a party or its counsel to serve as an expert witness (as that term is used in *Federal*
9 *Rules of Evidence,* Rule 702), including testifying and non-testifying experts, or as a
10 consultant in this action.  But, (1) if the proposed Expert is during the pendency of
11 this action  an employee, officer, director, agent, contractor, subcontractor or
12 technical consultant (excluding those individuals who only receive grants/funding
13 and do not provide any consultation services) of a competitor of Defendants; or (2)
14 if the proposed Expert intends to assume such an engagement in the next five (5)
15 years, notice shall be given to counsel for Defendants thirty (30) days prior to
16 disclosure of any Protected Material and, even with notice, that Expert shall not be
17 granted access to Highly Confidential information. Notice shall include the name of
18 the competitor and the proposed subject matter on which the proposed Expert is
19 being consulted.  Defendants shall have the right to object to such disclosure within
20 twenty (20) days of being provided notice, but even without further objection, that
21 Expert shall not be granted access to Highly Confidential information. No disclosure
22 of any kind shall be made until the objection is resolved by agreement or court
23 order.

24    j.    "Information" means the content of Documents or Testimony.
25    k.    "Testimony" means all depositions, declarations or other
26 testimony taken or used in this Proceeding.
27 ///
28 ///

4834-7386-2170.1

3

STIPULATION AND PROTECTIVE ORDER

2.    The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "Highly Confidential" designation.  The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Highly Confidential" on each page of any Document containing such designated Confidential Material.

   b.    For Testimony given in depositions the Designating Party may either:

      i.    identify on the record, before the close of the deposition, all  "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;"  or,

      ii.    designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1
4
STIPULATION AND PROTECTIVE ORDER

1  is sought within 30 days following receipt of the deposition transcript.  In
2  circumstances where portions of the deposition Testimony are designated for
3  protection, the transcript pages containing "Confidential" or "Highly Confidential"
4  Information may be separately bound by the court reporter, who must affix to the
5  top of each page the legend "Confidential" or "Highly Confidential," as instructed
6  by the Designating Party.

7      c.    For Information produced in some form other than Documents,
8  and for any other tangible items, including, without limitation, compact discs or
9  DVDs, the Designating Party must affix in a prominent place on the exterior of the
10  container or containers in which the Information or item is stored the legend
11  "Confidential" or "Highly Confidential."  If only portions of the Information or item
12  warrant protection, the Designating Party, to the extent practicable, shall identify the
13  "Confidential or "Highly Confidential" portions.

14      5.    The inadvertent production by any of the undersigned Parties or non-
15  Parties to the Proceedings of any Document, Testimony or Information during
16  discovery in this Proceeding without a "Confidential or "Highly Confidential"
17  designation, shall be without prejudice to any claim that such item is "Confidential"
18  or "Highly Confidential" and such Party shall not be held to have waived any rights
19  by such inadvertent production. In the event that any Document, Testimony or
20  Information that is subject to a "Confidential" or "Highly Confidential" designation
21  is inadvertently produced without such designation, the Party that inadvertently
22  produced the document shall give written notice of such inadvertent production
23  within twenty (20) days of discovery of the inadvertent production, together with a
24  further copy of the subject Document, Testimony or Information designated as
25  "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice").
26  Upon receipt of such Inadvertent Production Notice, the Party that received the
27  inadvertently produced Document, Testimony or Information shall promptly destroy
28  the inadvertently produced Document, Testimony or Information and all copies

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1                                          5
STIPULATION AND PROTECTIVE ORDER

1  thereof, or, at the expense of the producing Party, return such together with all

2  copies of such Document, Testimony or Information to counsel for the producing

3  Party and shall retain only the "Confidential" or "Highly Confidential" designated

4  Materials. Should the receiving Party choose to destroy such inadvertently produced

5  Document, Testimony or Information, the receiving Party shall notify the producing

6  Party in writing of such destruction within ten (10) days of receipt of written notice

7  of the inadvertent production.  This provision is not intended to apply to any

8  inadvertent production of any Information protected by attorney-client or work

9  product privileges. In the event that this provision conflicts with any applicable law

10  regarding waiver of confidentiality through the inadvertent production of

11  Documents, Testimony or Information, such law shall govern.

12          6.      In the event that any Document or thing containing or constituting

13  privileged attorney-client communications or attorney work product is inadvertently

14  produced, the producing Party shall promptly notify the receiving Party in writing

15  after it is discovered that the privileged material was inadvertently provided for

16  inspection or review and, upon receipt of such notification, the receiving Party shall

17  promptly return to counsel for the producing Party any and all copies of such

18  Document or thing and thereafter refrain from any use whatsoever, in this case or

19  otherwise, of such Document or thing.

20                  a.      In the event that a receiving Party receives a Document or thing

21  that obviously appears to contain privileged attorney-client communications or

22  attorney work product, and it is reasonably apparent to the receiving Party that the

23  Document or thing was made available inadvertently, the receiving Party shall

24  promptly notify the producing Party in writing.  If the producing Party confirms the

25  inadvertent production, the receiving Party shall promptly return to counsel for the

26  producing Party any and all copies of such Document or thing and thereafter refrain

27  from any use whatsoever, in this case or otherwise, of such Document or thing.

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1         b.    The inadvertent production of any Document or thing for which

2  a claim of privilege or work-product doctrine is subsequently asserted by the

3  producing Party shall not constitute a subject matter waiver of a valid claim or

4  privilege or the work-product doctrine as to any other document or thing in the

5  possession of the producing Party, or as to any communication or information

6  within the knowledge of the producing Party.

7       7.    In the event that counsel for a Party receiving Documents, Testimony

8  or Information in discovery designated as "Confidential" or "Highly Confidential"

9  objects to such designation with respect to any or all of such items, said counsel

10  shall advise counsel for the Designating Party, in writing, of such objections, the

11  specific Documents, Testimony or Information to which each objection pertains, and

12  the specific reasons and support for such objections (the "Designation Objections").

13  Counsel for the Designating Party shall have thirty (30) days from receipt of the

14  written Designation Objections to either (a) agree in writing to de-designate

15  Documents, Testimony or Information pursuant to any or all of the Designation

16  Objections and/or (b) file a motion with the Court seeking to uphold any or all

17  designations on Documents, Testimony or Information addressed by the Designation

18  Objections (the "Designation Motion"). Pending a resolution of the Designation

19  Motion by the Court, any and all existing designations on the Documents,

20  Testimony or Information at issue in such Motion shall remain in place. The

21  Designating Party shall have the burden on any Designation Motion of establishing

22  the applicability of its "Confidential" or "Highly Confidential" designation. In the

23  event that the Designation Objections are neither timely agreed to nor timely

24  addressed in the Designation Motion, then such Documents, Testimony or

25  Information shall be de-designated in accordance with the Designation Objection

26  applicable to such material.

27  ///

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1

7

STIPULATION AND PROTECTIVE ORDER

1    8.    Access to and/or Disclosure of Confidential Materials designated as

2   "Highly Confidential" shall be permitted only to the following persons:

3        a.    Trial Counsel for the Parties, their partners and associates, and

4   staff and supporting personnel of such attorneys, such as paralegal assistants,

5   secretarial, stenographic and clerical employees and contractors, and outside

6   copying services, who are working on this Proceeding (or any further proceedings

7   herein) under the direction of such attorneys and to whom it is necessary that the

8   Confidential Materials be Disclosed for purposes of this Proceeding. Such

9   employees, assistants, contractors and agents to whom such access is permitted

10  and/or Disclosure is made shall, prior to such access or Disclosure, be advised of,

11  and become subject to, the provisions of this Protective Order. "Trial Counsel," for

12  purposes of this subparagraph, shall mean outside retained counsel and shall not

13  include in-house counsel to the undersigned Parties and the paralegal, clerical and

14  secretarial staff employed by such in-house counsel;

15        b.    The receiving Party's House Counsel, as well as employees of

16  said House Counsel to whom it is reasonably necessary to disclose the information

17  for the prosecution or defense of this action;

18        c.    Experts or expert consultants (as defined and limited herein),

19  consulted by the undersigned Parties or their counsel in connection with the

20  Proceeding, whether or not retained to testify at any oral hearing; provided,

21  however, that prior to the Disclosure of Confidential Materials to any such expert or

22  expert consultant, counsel for the Party making the Disclosure shall deliver a copy

23  of this Stipulation and Protective Order to such person, shall explain its terms to

24  such person, and shall secure the signature of such person on a statement in the form

25  attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It

26  shall be the obligation of counsel, upon learning of any breach or threatened breach

27  of this Stipulation and Protective Order by any such expert or expert consultant, to

28  promptly notify counsel for the Designating Party of such breach or threatened

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1

8

1  breach;

2         d.     Any person who authored, received, saw or was otherwise
3  familiar with a document or thing marked "Highly Confidential," including any
4  person otherwise familiar with the Confidential Information contained therein, but
5  only to the extent of that person's prior familiarity with the Confidential
6  Information;

7         e.     Court reporters in this Proceeding (whether at depositions,
8  hearings, or any other proceeding); and

9         f.     The Court;

10        g.     Insurers to whom disclosure is reasonably necessary for the
11 defense of this action.

12        h.     A mediator, including his or her support staff, provided that each
13 recipient has signed the Certification of Confidential Discovery Materials (attached
14 to this Stipulation and Protective Order).

15        9.     Access to and/or Disclosure of Confidential Materials designated as
16 "Confidential" shall be permissible only to:

17        a.     Those persons authorized to access "Highly Confidential"
18 materials as specified above.

19        b.     Any person who authored, received, saw or was otherwise
20 familiar with a document or thing marked "Confidential," including any person
21 otherwise familiar with the Confidential Information contained therein, but only to
22 the extent of that person's familiarity with the Confidential Information;

23        c.     The receiving Party, including officers, directors, employees, or
24 insurers of the receiving Party to whom Disclosure is reasonably necessary for the
25 prosecution or defense of this litigation.

26        10.    Confidential Materials shall be used by the persons receiving them only
27 for the purposes of preparing for, conducting, participating in the conduct of, and/or
28 prosecuting and/or defending the Proceeding, and not for any business or other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  purpose whatsoever.

2      11.   Any Party to the Proceeding (or other person subject to the terms of this

3  Stipulation and Protective Order) may ask the Court, after appropriate notice to the

4  other Parties to the Proceeding, to modify or grant relief from any provision of this

5  Stipulation and Protective Order.

6      12.   Entering into, agreeing to, and/or complying with the terms of this

7  Stipulation and Protective Order shall not:

8           a.   operate as an admission by any person that any particular

9  Document, Testimony or Information marked "Confidential" or "Highly

10 Confidential" contains or reflects trade secrets, proprietary, confidential or

11 competitively sensitive business, commercial, financial or personal information; or

12          b.   prejudice in any way the right of any Party (or any other person

13 subject to the terms of this Stipulation and Protective Order):

14          c.   to seek a determination by the Court of whether any particular

15 Confidential Material should be subject to protection as "Confidential" or "Highly

16 Confidential" under the terms of this Stipulation and Protective Order; or

17          d.   to seek relief from the Court on appropriate notice to all other

18 Parties to the Proceeding from any provision(s) of this Stipulation and Protective

19 Order, either generally or as to any particular Document, Material or Information.

20     13.   Any Party to the Proceeding who has not executed this Stipulation and

21 Protective Order as of the time it is presented to the Court for signature may

22 thereafter become a Party to this Stipulation and Protective Order by its counsel's

23 signing and dating a copy thereof and filing the same with the Court, and serving

24 copies of such signed and dated copy upon the other Parties this Stipulation and

25 Protective Order.

26     14.   Any Information that may be produced by a non-Party witness in

27 discovery in the Proceeding pursuant to subpoena or otherwise may be designated

28 by such non-Party as "Confidential" or "Highly Confidential" under the terms of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1                                    10
                    STIPULATION AND PROTECTIVE ORDER

1  this Stipulation and Protective Order, and any such designation by a non-Party shall

2  have the same force and effect, and create the same duties and obligations, as if

3  made by one of the undersigned Parties hereto.  Any such designation shall also

4  function as a consent by such producing Party to the authority of the Court in the

5  Proceeding to resolve and conclusively determine any motion or other application

6  made by any person or Party with respect to such designation, or any other matter

7  otherwise arising under this Stipulation and Protective Order. If any person subject

8  to this Stipulation and Protective Order who has custody of any Confidential

9  Materials receives a subpoena or other process ("Subpoena") from any government

10  or other person or entity demanding production of Confidential Materials, the

11  recipient of the Subpoena shall promptly give notice of the same by electronic mail

12  transmission, followed by either express mail or overnight delivery to counsel of

13  record for the Designating Party, and shall furnish such counsel with a copy of the

14  Subpoena.  Upon receipt of this notice, the Designating Party may in its sole

15  discretion and its own cost, move to quash or limit the Subpoena, otherwise oppose

16  production of the Confidential Materials, and/or seek to obtain confidential

17  treatment of such Confidential Materials from the subpoenaing person or entity to

18  the fullest extent available under the law. The recipient of the Subpoena may not

19  produce any Documents, Testimony or Information pursuant to the Subpoena prior

20  to the date specified for production on the Subpoena.

21      15.    Nothing in this Stipulation and Protective Order shall be construed to

22  preclude either Party from asserting in good faith that certain Confidential Materials

23  require additional protection. The Parties shall meet and confer to agree upon the

24  terms of such additional protection.

25      16.    If, after execution of this Stipulation and Protective Order, any

26  Confidential Materials submitted by a Designating Party under the terms of this

27  Stipulation and Protective Order is Disclosed by a non-Designating Party to any

28  person other than in the manner authorized by this Stipulation and Protective Order,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1

11

1 | the non-Designating Party responsible for the Disclosure shall bring all pertinent

2 | facts relating to the Disclosure of such Confidential Materials to the immediate

3 | attention of the Designating Party.

4 | 17. This Stipulation and Protective Order is entered into without prejudice

5 | to the right of any Party to knowingly waive the applicability of this Stipulation and

6 | Protective Order to any Confidential Materials designated by that Party. If the

7 | Designating Party uses Confidential Materials in a non-Confidential manner, then

8 | the Designating Party shall advise that the designation no longer applies.

9 | 18. Where any Confidential Materials, or Information derived from

10 | Confidential Materials, is included in any motion or other proceeding governed by

11 | *Federal Rules of Civil Procedure*, Rule 5.2, the Party shall follow those rules. With

12 | respect to discovery motions or other proceedings not governed by *Federal Rules of*

13 | *Civil Procedure*, Rule 5.2, ~~the following shall apply: If Confidential Materials or~~

14 | ~~Information derived from Confidential Materials are submitted to or otherwise~~

15 | ~~disclosed to the Court in connection with discovery motions and proceedings, the~~

16 | ~~same shall be separately filed under seal with the clerk of the Court in an envelope~~

17 | ~~marked: "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO~~

18 | ~~PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER~~

19 | ~~REQUIRED."~~ ⤷ the parties are required to follow L.R. 79-5 *[PJW]*

20 | 19. The Parties shall meet and confer regarding the procedures for use of

21 | Confidential Materials at trial and shall move the Court for entry of an appropriate

22 | order.

23 | 20. Nothing in this Stipulation and Protective Order shall affect the

24 | admissibility into evidence of Confidential Materials, or abridge the rights of any

25 | person to seek judicial review or to pursue other appropriate judicial action with

26 | respect to any ruling made by the Court concerning the issue of the status of

27 | Confidential Materials.

28 | ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1
12
STIPULATION AND PROTECTIVE ORDER

1    21.    This Stipulation and Protective Order shall continue to be binding after
2  the conclusion of this Proceeding and all subsequent proceedings arising from this
3  Proceeding, except that a Party may seek the written permission of the Designating
4  Party or may move the Court for relief from the provisions of this Stipulation and
5  Protective Order. To the extent permitted by law, the Court shall retain jurisdiction
6  to enforce, modify, or reconsider this Stipulation and Protective Order, even after
7  the Proceeding is terminated.

8    22.    Upon written request made within thirty (30) days after the settlement
9  or other termination of the Proceeding, the undersigned Parties shall have thirty (30)
10  days to either (a) promptly return to counsel for each Designating Party all
11  Confidential Materials and all copies thereof (except that counsel for each Party may
12  maintain in its files, in continuing compliance with the terms of this Stipulation and
13  Protective Order, all work product, and one copy of each pleading filed with the
14  Court and one copy of each deposition together with the exhibits marked at the
15  deposition), (b) agree with counsel for the Designating Party upon appropriate
16  methods and certification of destruction or other disposition of such Confidential
17  Materials, or (c) as to any Documents, Testimony or other Information not
18  addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order
19  regarding proper preservation of such Materials. To the extent permitted by law the
20  Court shall retain continuing jurisdiction to review and rule upon the motion
21  referred to in sub-paragraph (c) herein.

22    23.    After this Stipulation and Protective Order has been signed by counsel
23  for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound
24  by the terms set forth herein with regard to any Confidential Materials that have
25  been produced before the Court signs this Stipulation and Protective Order.

26    24.    The Parties and all signatories to the Certification attached hereto as
27  Exhibit A agree to be bound by this Stipulation and Protective Order pending its
28  approval and entry by the Court.  In the event that the Court modifies this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1                          13

1    Stipulation and Protective Order, or in the event that the Court enters a different

2    Protective Order, the Parties agree to be bound by this Stipulation and Protective

3    Order until such time as the Court may enter such a different Order.  It is the Parties'

4    intent to be bound by the terms of this Stipulation and Protective Order pending its

5    entry so as to allow for immediate production of Confidential Materials under the

6    terms herein.

7        25.    This Stipulation and Protective Order may be executed in counterparts.

8    IT IS SO STIPULATED.

9

10    DATED: June _26_, 2014      LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12                            By: _____

13                                  JOSEPH C. OWENS

                                    Attorneys for Defendant/Cross-Defendant

14                                  U-LINE CORPORATION

15    DATED: June _26_, 2014      COZEN & O'CONNOR

16

17

18                            By: _____

                                    MARK S. ROTH

19                              Attorneys for Plaintiff

                              ASPEN SPECIALTY INSURANCE

20                              COMPANY

21    DATED: June ____, 2014      ARENT FOX LLP

22

23

24                            By: _____

                                    GARY A. WOLENSKY

                                  Attorneys for Cross-Defendant

25                                NIDEC MOTOR CORPORATION

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Stipulation and Protective Order, or in the event that the Court enters a different
2  Protective Order, the Parties agree to be bound by this Stipulation and Protective
3  Order until such time as the Court may enter such a different Order.  It is the Parties'
4  intent to be bound by the terms of this Stipulation and Protective Order pending its
5  entry so as to allow for immediate production of Confidential Materials under the
6  terms herein.

7      25.    This Stipulation and Protective Order may be executed in counterparts.
8  IT IS SO STIPULATED.

9

10  DATED: June _____, 2014      LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12                                By: _____
13                                       JOSEPH C. OWENS
                                  Attorneys for Defendant/Cross-Defendant
14                                U-LINE CORPORATION

15  DATED: June _____, 2014      COZEN & O'CONNOR
16

17
                                  By: _____
18                                       MARK S. ROTH
19                                Attorneys for Plaintiff
                                  ASPEN SPECIALTY INSURANCE
20                                COMPANY

21  DATED: June  24 , 2014       ARENT FOX LLP
22
                                              FOR
                                         GARY A. WOLENSKY
23                                By: _____
24                                       GARY A. WOLENSKY
25  ANY PARTY INTENDING TO SUBMIT TO   Attorneys for Cross-Defendant
    THE COURT ANY DOCUMENTS COVERED   NIDEC MOTOR CORPORATION
26  BY THIS PROTECTIVE ORDER SHALL FILE A
    MOTION UNDER LOCAL RULE 79-5
27  REQUESTING PERMISSION TO FILE
    THEM UNDER SEAL.
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1                                      14
                          STIPULATION AND PROTECTIVE ORDER

1

## ORDER

2     WITH GOOD CAUSE APPEARING, the Court hereby approves this

3 Stipulation and Protective Order.

4     IT IS SO ORDERED.

5

6 Dated: _6/26/4_____ , ~~2014~~

7

8                       PATRICK J. WALSH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1

15

STIPULATION AND PROTECTIVE ORDER

**PROOF OF SERVICE**
*Aspen Specialty Insurance Co. v. U-Line Corporation, et al.*
Los Angeles Superior Court Case No.: SC 121346
LBBS File No. 200-9438

STATE OF CALIFORNIA            )
                                )  ss.
COUNTY OF LOS ANGELES          )

    At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.

    On June 26, 2014, I served the following document(s):

**STIPULATION AND PROTECTIVE ORDER**

    I served true and correct COPIES of the above-referenced document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Mark S. Roth, Esq.<br>COZEN & O'CONNOR<br>601 South Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Tel: (213) 892-7900; Fax: (213) 892-7999<br>*Attorneys for Plaintiff* | Gary A. Wolensky, Esq.<br>ARENT FOX LLP<br>555 West 5th Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>Tel: (213) 629-7400<br>Fax: (213) 629-7401<br>*Attorneys for Cross-Defendant*<br>*NIDEC MOTOR CORPORATION* |

    The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed on the above referenced service list.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

    Executed on this 26th day of June, 2014, at Los Angeles, California.

KIRK D. GILE-CREQUE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7386-2170.1

16

STIPULATION AND PROTECTIVE ORDER